**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ANGEL, et al., | |
| Plaintiffs, | No. C 11-01028 JSW |
| v. | |
| NORTH COAST COURIERS, INC., et al., | **ORDER REGARDING MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

Now before the Court is the motion for summary judgment, or in the alternative, summary adjudication, filed by defendants Tanweer Ahmed ("Ahmed") and M.Y. "Mike" Khalaf ("Khalaf") (collectively referred to as "Defendants"). The Court finds that this matter is appropriate for disposition without oral argument and, thus, is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 3, 2012 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby denies Defendants' motion.

**BACKGROUND**

Plaintiffs Rene Angel ("Angel"), Marco Flores ("Flores"), and David Martinez ("Martinez") (collectively referred to as "Plaintiffs") filed this employment action against Defendants, as well as other defendants. The key issue raised in this motion is whether Defendants were Plaintiffs' employer during the time period at issue in this suit.

The Court will address additional facts as necessary in the remainder of this order.

# ANALYSIS

**A.     Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment

because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.    Defendants' Motion.**

As noted above, the key issue in dispute is whether Ahmed and Khalaf were Plaintiffs' employer during the period at issue in this lawsuit. It is undisputed that Plaintiffs were couriers for North Coast Couriers, Inc. ("North Coast") until the end of 2008. Defendants contend that Plaintiffs stopped being compensated by North Coast at the end of 2008 and that North Coast completely dissolved on October 31, 2009. Defendants further contend that Ahmed last worked for North Coast when he resigned as its Chief Financial Officer on September 10, 2007. Finally, despite the fact that Khalaf was the president of North Coast until its dissolution, Defendants argue that he did not supervise Plaintiffs and did not employ Plaintiffs in any fashion after December 31, 2008.

Under the Fair Labor Standards Act ("FLSA"), "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." *See* 29 U.S.C. § 203(d). "[T]he definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'" *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009) (quoting *Lambert v. Ackerley,* 180 F.3d 997, 1011-12 (9th Cir.1999)). The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947). "The touchstone is the 'economic reality' of the relationship." *Boucher*, 572 F.3d 1091 (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961).

With respect to Plaintiffs' claim under California Labor Code § 98.6 for retaliation, the common law test for employment applies. *See Estrada v. FedEx Ground Package Sys*., 154

1  Cal. App. 4th 1, 10 (2007) (holding that the common law test for employment applies where the
2  labor code does not expressly define the term "employee"). "The essence of the test is the
3  'control of details.'" *Id.* Plaintiffs' claim for wrongful termination in violation of public policy
4  also requires a determination that Defendants were Plaintiffs' employer. *Miklosy v. Regents of
5  University of California*, 44 Cal. 4th 876, 900 (2008).

Despite the fact that much of the evidence on which Plaintiffs' rely is inadmissible hearsay, upon review of the record, the Court finds that Plaintiffs have submitted sufficient evidence to create a question of fact regarding whether Ahmed and Khalaf were Plaintiffs' employer during the applicable time period.[1] For example, Flores states that on February 2, 2010, Khalaf asked Flores why he did not "get rid of [his] lawsuit" and said that he would have to close the company and everyone would lose their jobs if they did not dismiss their lawsuit. (Declaration of Marco Flores, ¶ 6.) Moreover, on February 2, 2010, Plaintiffs had a meeting with Ahmed and Khalaf at which all three Plaintiffs believe Ahmed fired them. Additionally, although Plaintiffs' purportedly stopped working for North Coast at the end of 2008, all of the Plaintiffs were required to wear North Coast insignias on their uniforms until the date of their termination in 2010. (Declaration of Rene Angel, ¶ 7; Declaration of David Martinez, ¶ 14; Flores Decl., ¶ 13.) Plaintiffs continued to appear at North Coast's headquarters at 14755 Catalina Street in San Leandro, California every day for work. (Martinez Decl., ¶ 14; Flores Decl., ¶ 13.) Such evidence creates a question of fact precluding summary judgment on the claims against Defendants. Accordingly, the Court denies their motion.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion for summary judgment. The Court FURTHER ORDERS that, pursuant to Northern District Civil Local Rule

---

[1] Defendants argue that the Court should disregard Plaintiffs' testimony which was not disclosed in their interrogatory responses. Because the Court does not find that their declarations are "sham affidavits," the Court will consider their testimony. The Court need not rule on the remainder of the parties' evidentiary objections because the Court did not need to consider such evidence in order to resolve Defendants' motion for summary judgment.

4

72-1, this matter is HEREBY REFERRED to Magistrate Judge Laurel Beeler for purposes of conducting a further settlement conference, to be completed within thirty days, if possible.

**IT IS SO ORDERED.**

Dated: February 1, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5