1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RENE ANGEL, et al.,                                    No. C -11-01028 JSW (EDL)

            Plaintiffs,                        **ORDER GRANTING PLAINTIFFS'**
                                               **MOTION FOR SANCTIONS AND**
    v.                                         **DENYING DEFENDANTS' MOTION**
                                               **FOR SANCTIONS**
NORTH COAST COURIERS, INC., et al.,

            Defendants.
_____/

        Before the Court in this action brought under the Fair Labor Standards Act are Plaintiffs'

motion for sanctions and Defendants' motion for sanctions in which each party argues that the other

party should be sanctioned for conduct relating to scheduling the continued deposition of Defendant

Khalaf.  Mr. Khalaf's continued deposition was the subject of a motion to compel that was filed,

pursuant to this Court's Order, on December 18, 2011, and was later withdrawn prior to the hearing

on the motion after the parties resolved their dispute and arranged for Mr. Khalaf to be further

deposed.

        The motions for sanctions were fully briefed and the Court held a hearing on January 31,

2012.  For the reasons stated at the hearing and in this Order, the Court grants Plaintiffs' motion for

sanctions and denies Defendants' motion for sanctions.

**Background**

        The discovery dispute underlying the motions for sanctions centered on whether Plaintiffs

would be able to complete the deposition of Mr. Khalaf.  Plaintiffs allege that Mr. Khalaf is a

principal individual in this case, and that he was an officer of Defendant North Coast Couriers until

it was dissolved on October 2009.  Plaintiffs allege that they worked for North Coast during the

relevant time period for this case, from November 1, 2007 through their termination on February 2,

**United States District Court**
For the Northern District of California

2010.  Plaintiffs allege that Mr. Khalaf and Defendant Ahmed controlled North Coast and acted in concert with other Defendants to employ Plaintiffs.  Plaintiffs allege that they received paychecks from various entities, but that Mr. Khalaf and Mr. Ahmed controlled all of the entities, and operated a shell game to provide courier services to North Coast customers, but under different names.  Plaintiffs allege that they complained to their supervisors that they were not being properly paid and were told by North Coast dispatchers that they would be terminated if they continued to complain.

Plaintiffs served a deposition notice on Mr. Khalaf and arranged with his counsel to depose him on August 11, 2011.  Mr. Khalaf's counsel stated that he could only sit for four hours at a time due to a medical condition, so the parties agreed to conduct the deposition on two days.  The deposition eventually took place on September 27, 2011 at the request of Mr. Khalaf's counsel, and Plaintiffs took Mr. Khalaf's deposition for about three hours on that day.  It is undisputed that the parties agreed that the remainder of the deposition would take place prior to the December 2, 2011 close of discovery.  See V. Thuesen Decl. ¶ 4.  Subsequently, Plaintiffs attempted in vain to obtain Mr. Khalaf's further deposition, and eventually applied to the Court to file a motion to compel.

**Discussion**

Plaintiffs seek sanctions under Federal Rule of Civil Procedure 37(a)(5)(A), which mandates a sanctions award when a court grants a motion to compel unless the opposing party's conduct was substantially justified or other circumstances make an award unjust.  Defendants seem to seek sanctions under Federal Rule of Civil Procedure 37(a)(5)(B), which permits sanctions when a motion to compel is denied, unless the motion was substantially justified or other circumstances make a sanctions award unjust.

Defendants argue that Plaintiffs' motion should be denied because Defendants were substantially justified in refusing to provide Mr. Khalaf for deposition because Plaintiffs' motion to compel was "critically untimely" and because Plaintiff's case against Mr. Khalaf is "patently frivolous" given Defendants' theory that Mr. Khalaf was not Plaintiffs' employer during the relevant time period.  Defendants also argue that circumstances make a sanctions award unjust primarily because Defendants eventually agreed to the continued deposition of Mr. Khalaf.  For these same reasons, Defendants argue that their motion for sanctions should be granted.

**United States District Court**
For the Northern District of California

**1.      Defendants' timeliness argument is without merit**

Defendants argue that because discovery had closed on December 2, 2011, Plaintiffs simply waited too late seek leave to file a motion to compel and to complete Mr. Khalaf's deposition.  This argument is without merit.   There is no dispute that Plaintiffs initially sought Mr. Khalaf's deposition well in advance of the discovery cutoff and that all counsel agreed to finish the deposition before the discovery cutoff.  Moreover, Plaintiffs made multiple attempts to schedule the completion of his deposition.  Defendants concede that Plaintiffs informed Defendant's counsel on October 18, 2011, October 26, 2011, and November 3, 2011 that Plaintiffs wanted to take Mr. Khalaf's continued deposition.  See Opp. at 3.  Plaintiffs asked again on November 29, 2011 and December 7, 2011 for dates to conduct the further deposition.  See Scott Thuesen Decl. in Support of Mot. to Compel ¶ 3; Victor Thuesen Decl. in Support of Mot. to Compel ¶ 8.  Plaintiffs assert that Mr. Khalaf's counsel did not respond.  See V. Thuesen Decl. ¶¶ 5-8.

Defendants argue that they gave Plaintiffs clear signals as early as November 7, 2011 that Defendants would not be producing Mr. Khalaf for deposition and that Plaintiffs' counsel should contact Mr. Khalaf's bankruptcy counsel.  Cha Decl. Ex. C.  Plaintiffs contacted the bankruptcy counsel, who represented that he had not filed a bankruptcy case for Mr. Khalaf.  Plaintiffs' counsel asserts in his declaration that because a bankruptcy had not been ruled out, and in light of the cost, Plaintiffs waited a certain amount of time to see if the bankruptcy would be filed before seeking to file a motion to compel. V. Thuesen Decl. ¶ 5.  Plaintiffs' approach when informed of a possible bankruptcy was reasonable, and does not demonstrate that Plaintiff's motion to compel was untimely.

Defendant also argues that the motion to compel was brought too late because it was filed sixteen days after the discovery cutoff.  However, on December 8, 2011, which was within the seven days of the discovery cutoff date of December 2, 2011 as required by the Local Rules for filing a motion to compel discovery timely sought before the discovery cutoff (Civil L.R. 37-3), the parties filed a letter as required by Judge White's standing order prior to filing a motion to compel.  Thereafter, Judge White referred the letter to this Court for resolution, explicitly stating that the letter was timely.  See Docket No. 44 ("On December 8, 2011, Plaintiff filed a letter brief seeking

1    permission to file a motion to compel, and on December 9, 2011, filed a joint letter brief regarding

2    the issue. The Court notes that Plaintiff filed the request for leave to file a motion to compel before

3    the deadline to do so had expired."). This Court then gave Plaintiffs permission to file their motion

4    to compel no later than December 20, 2011. Plaintiffs filed their motion two days early, on

5    December 18, 2011. Incredibly, Defendants argue in opposition to Plaintiffs' motion for sanctions

6    and in support of its own motion for sanctions that Plaintiffs' filing on December 18 was too late,

7    and do not even grapple with the fact that both Judge White and this Court allowed Plaintiffs to

8    bring this motion. See Opp. at 3. Defendants' argument that the motion to compel was untimely is

9    without merit.

10        **2.    Defendants' frivolousness argument is without merit**

11        Defendants believe that the case against Mr. Khalaf is patently frivolous, but have cited no

12   authority that such a belief would preclude otherwise appropriate discovery, such as Mr. Khalaf's

13   deposition. Defendants' beliefs about this case are not dispositive of whether Plaintiffs were entitled

14   to obtain a further deposition of Mr. Khalaf, who is a named Defendant, especially in light of the

15   parties' agreement that Mr. Khalaf would appear for a further deposition. Defendants argue that

16   there is no evidence that Mr. Khalaf employed Plaintiffs on the date that they allege their

17   employment was terminated, but Defendants cite no authority that Plaintiffs must take their word on

18   that issue, rather than question Mr. Khalaf about his role in the organization at a deposition. Further,

19   Mr. Khalaf has never filed a motion for protective order to preclude his deposition. When

20   questioned by the Court, Defendants' counsel could provide no authority for reneging on their

21   agreement to produce Mr. Khalaf for further deposition.

22        **3.    Defendants' argument that circumstances make an award of sanctions unjust is
               without merit**

23
          Defendants argue that an award of sanctions would be unjust because Defendants eventually

24   agreed to go forward with Mr. Khalaf's deposition. However, Defendants did not agree to produce

25   Mr. Khalaf until after Plaintiffs filed their motion to compel and after Plaintiffs spent months trying

26   in vain to schedule the deposition.

27        Moreover, Defendant cites cases for this argument that are inapposite. In Johnson v.

28   Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the issue was whether the court

4

1   would grant the plaintiff's request to extend the deadline to join another defendant because the

2   plaintiff failed to proceed with due diligence to amend the scheduling order.  Id. ("Failing to heed

3   clear and repeated signals that not all the necessary parties had been named in the complaint does

4   not constitute diligence.").  By contrast, here, Plaintiffs made multiple attempts to obtain Mr.

5   Khalaf's further deposition and did not wait idle until the discovery cutoff passed.  Moreover,

6   Plaintiffs are not seeking to amend the scheduling order, but instead followed the Civil Local Rules

7   and Judge White's Standing Order regarding bringing a motion to compel.  Defendants cite In re

8   Convergent Technologies Securities Litig., 108 F.R.D. 328, 331 (N.D. Cal. 1985) for the general

9   principle that a court can balance the burden or expense of discovery against its likely benefit.

10   Defendants have not made any showing that the benefit of the continued, agreed upon deposition of

11   a named Defendant is outweighed by the burden, nor did Defendants seek a protective order on that

12   basis.  Rather, the issue is whether Defendants were justified in reneging on their agreement to

13   produce Mr. Khalaf for further deposition.

14   Thus, because Defendants have not shown that their conduct was substantially justified or

15   that other circumstances would make an award unjust, Plaintiffs' motion for sanctions is granted in

16   the amount of $10,050.00.   Defendants' motion for sanctions against Plaintiffs is even less justified.

17   Rule 37(a)(5)(A) permits sanctions against ". . . the party or deponent whose conduct

18   necessitated the motion, the party or attorney advising that conduct, or both. . . ."  Here, Defendants'

19   counsel unjustifiably reneged on the agreement to produce Mr. Khalaf for further deposition, failed

20   to respond promptly to Plaintiffs' meet and confer efforts aimed at scheduling Mr. Khalaf's

21   continued deposition, and persisted in arguing that Plaintiff's motion to compel was untimely even

22   though Plaintiffs filed the motion within the time specified by the Court.  Therefore, Defendants'

23   counsel is jointly and severally liable for the sanctions along with their clients.

24   **IT IS SO ORDERED.**

25   Dated: February 6, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

26

27

28